IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ADELA MARIE FOSTER and JOHN BOGUSZEWSKI,<br><br>          Plaintiffs,<br><br>  v.<br><br>TOWNSHIP OF WASHINGTON,<br><br>          Defendant. | Civil No. 24-8026 (ESK/AMD) |

**AMENDED SCHEDULING ORDER**

      This matter having come before the Court by way of joint letter application [D.I. 18] for an extension of time to complete discovery; and good cause appearing for the entry of the within Order:

      IT IS on this **15th** day of **October 2025**, hereby **ORDERED**:

      1. The Court will conduct a telephone status conference on **January 8, 2026 at 2:30 P.M.** Counsel shall utilize the following dial-in instructions for the conference: **1-856-210-8988 / 690 071 19#**. At least three (3) business days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in-person or by telephone.

      2. Pretrial factual discovery is hereby extended to **January 30, 2026**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

      3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa.

1993). In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

   4. **Discovery Letters and Motions**. Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* Local Civil Rule 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person, via telephone, or video conference before making a discovery application. Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts that were made to resolve the dispute before contacting the Court. No discovery motion shall be made without prior leave of Court. *See* Local Civil Rule 37.1(b).

   5. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiffs shall be served upon counsel for Defendant not later than **February 27, 2026**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendant shall be served upon counsel for Plaintiffs not later than **March 27, 2026**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 27, 2026.**

   For purposes of this Scheduling Order, treating physicians, if any, shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

   The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

   6. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **May 8, 2026.** Opposition to the motion should be served in a timely fashion.

2

Counsel are to follow L. C̲ɪᴠ̲. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice – Generally).

      7. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under Fᴇᴅ. R. Cɪᴠ. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

      **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER** Fᴇᴅ. R. Cɪᴠ. P. **16(f).**

                                       s/ Ann Marie Donio
                                       ANN MARIE DONIO
                                       UNITED STATES MAGISTRATE JUDGE

cc: Hon. Edward S. Kiel